UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

UNITED STATES OF AMERICA
v.                                        CAUSE NO. M-19-2328
DOMINGA LEDESMA

### DEFENDANT LEDESMA'S MOTION IN LIMINE TO PRECLUDE EXPERT OPINION TESTIMONY

**Law Applicable to Expert Opinion Testimony**

Rule 702 of the Federal Rules of Evidence provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The party that proffers the testimony bears the burden of showing that it is admissible. *See Bourjaily v. United States*, 483 U.S. 171, 172-73 (1987). Exclusion of expert testimony will be affirmed unless it constitutes an abuse of discretion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).

Testimony from a qualified expert is admissible only if the trial court determines that it is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993); *see Kumho Tire Company, Inc. v. Carmichael*, 526 U.S. 137 (1999). Specifically, in

1

*Daubert*, the Court held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.

Applying Rule 702, the Court must determine whether the expert's reasoning and methodology underlying his testimony is valid, and whether that reasoning or methodology was applied reliably to the facts, so as to be relevant and helpful to the jury. *See Kumho Tire Co.*, 526 U.S. 137. That an expert may generally possess "specialized knowledge" does not automatically render his opinions reliable. *See SEC v. Lipson*, 46 F. Supp. 2d 758, 761 (N.D. Ill. 1998) (fact that a witness is a certified public accountant, generally possessing the "specialized knowledge" to qualify as an expert witness, does not automatically render his opinions reliable.)

**Discussion**

The Government proposes to have Enrique Ledesma testify, "regarding money laundering investigations and as to the facilitation of forms administered by the IRS or FinCen." Government's Notice, Document 101, page 2. The Government proposes to have Luis A. Reyna II testify as to,

> The purpose of form 8300 with regard to IRS regulations and procedures as well as how the information in form 8300 is utilized by the IRS. Failure of the Defendant to follow the instructions included with the Form 8300 from the IRS and FinCen.

>Defendant failed to verify each 8300 was completed pursuant to Federal law and regulations prior to submission.
>
>The 8300s filed by the Defendant contained information that constituted material misrepresentations or omissions.
>
>Defendant utilized multiple copies of IDs to fill out the 8300s.
>
>Reasons why individuals provide false information or fail to provide accurate information utilized in form 8300.

Government's Notice, Document 121, page 3.

Expert witness testimony by Enrique Ledesma and Reyna should be precluded for two independent reasons. First, Enrique Ledesma's and Reyna's testimony is not relevant and would not be helpful to the jury. Second, the testimony is an improper attempt to use "expert" opinion to give legal instructions to the jury.

## A. Enrique Ledesma and Reyna's Testimony Should Be Excluded Because It Is Not Helpful Or Relevant To the Jury

Enrique Ledesma's and Reyna's proposed testimony should be precluded because it is not helpful or relevant to the jury. "An opinion is unhelpful and therefore may not be received in evidence if . . . the testimony 'would merely tell the jury what result to reach.'" *United States v. Collins*, 581 F. App'x 59, 60 (2d Cir. 2014) (summary order) (quoting *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir.1992)); *accord* Fed. R. Evid. 704 Advisory Committee Note.

To greatly simplify the issue, the jury will be called on to determine if Ms. Ledesma

knowingly provided false information on forms filed with the Government. Expert opinion testimony on how money laundering investigations are conducted is not relevant. Either Ms. Ledesma knowingly provided false information or she did not. Similarly, expert opinion testimony on "facilitation of forms administered by the IRS or FinCen" (whatever this means) is not relevant. Either Ms. Ledesma knowingly provided false information or she did not.

Because Enrique Ledesma and Reyna's proffered testimony would be irrelevant to the jury and "unhelpful" within the meaning of Rule 702(a), it should be precluded.

### B. Enrique Ledesma and Reyna's Testimony Would Usurp The Court's Role In Instructing The Jury

In addition, Enrique Ledesma and Reyna's proffered testimony should be excluded because it would usurp the Court's role in instructing the jury. Enrique Ledesma and Reyna's testimony would consist of opinions on hypothetical compliance with the law. "It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977). "Opinion testimony is inadmissible if it is not 'helpful to . . . determining a fact in issue.'" *United States v. Collins*, 581 F. App'x 59, 60 (2d Cir. 2014) (summary order) (quoting Fed. R. Evid. 701(b)); *see* Fed. R. Evid. 702(a); *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (holding that expert testimony in securities cases "must be carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying the law to the facts before it."). In *United*

4

*States v. Collins*, 581 F. App'x 59, the Second Circuit affirmed the district court's ruling precluding opinion testimony from one lay witness and one expert witness that the agreement in question would have been "immaterial" to a lawyer in the defendant's position. *Id.* at 60. The district court precluded this testimony on the basis that it "would not be helpful to the jury" and the opinions regarding immateriality "would be conclusory." *Id.* The district court found that it was appropriate to preclude the testimony in part because the defense could establish its view of materiality through cross examination of government witnesses. *Id.* The Second Circuit affirmed the district court's order precluding the testimony. *Id.*

The proposed testimony should be precluded because it is an improper attempt to transmit legal instructions to the jury. Furthermore, Enrique Ledesma and Reyna's proffered testimony "would merely tell the jury what result to reach." *Collins*, 581 F. App'x at 60 (quoting *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992)); *accord* Fed. R. Evid. 704 Advisory Committee Note. "When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making the decision, but rather attempts to substitute the expert's judgment for the jury's. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination." *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994).

In *United States v. Ranochak,* 2:17-CR-73, (ND Indiana, 2022) both the Government and the defendant intended to offer expert opinion testimony in a pharmacy case. The Court barred the Government from offering expert opinion testimony as follows:

5

• Defendants "knowingly and willfully engaged in activities that violated state and federal laws";

• the dispensing of drugs by North Anthony Pharmacy indicated a knowingly and deliberate operation designed for illegal purposes . . .;

• cautions were deliberately disregarded for fraudulent purposes . . .;

• North Anthony Pharmacy operated in a knowing environment of activities that violated the federal and state laws and regulations.;

• That environment resulted in the end that virtually every controlled substance dispensed by North Anthony was for fraudulent and illegal purposes;

• it is clear that a dangerous and illegal pattern of abuses and diversions knowingly existed and was supported.;

The Court barred the defendant from offering expert opinion testimony as follows:

• It is not illegal for a pharmacy to compound a medicine that is already commercially available when the product is unavailable for any reason

• Both [the pharmacist and physician] can be held liable if the wrong medication is prescribed to the patient

• off label prescribing is "legal"

• In the case of North Anthony, the pharmacist did fulfill their corresponding [legal] duties.

In excluding the proposed expert testimony, the Court held, "legal standards are the province of the Court and the Defendant's intent is the province of the jury."

It is the Court's responsibility, not that of experts, to properly instruct the jury on the legal parameters of the charged offenses. It is for the jury to determine Ms. Ledesma's intent.

**C. The Government has not complied with Federal Rule of Criminal Procedure 16(a)(1)(G).**

On July 26, 2022, counsel for Ms. Ledesma emailed a request to the Government:

> Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), I request a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. I request that the summary provided describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The Government filed its notice concerning Enrique Ledesma and Reyna The notices do not describe the witness's opinions, the bases and reasons for those opinions.

Rule 16(a)(1) states:

(G) *Expert Witnesses*. At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

As the Advisory Committee notes to Rule 16 explain, the disclosure requirement "is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Ferguson*, 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007) (citation omitted). If a defendant fails to provide disclosures in accordance with Rule 16(b)(1)(C), the court may exclude the expert's testimony. *United States v. Mahaffy*, 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007).

**Conclusion**

For these reasons, Ms. Ledesma respectfully requests that the Court preclude

Enrique Ledesma's and Luis Reyna's expert witness testimony. Ms. Ledesma also requests the Court require the Government to approach the bench prior to offering any expert opinion testimony.

    Noe D. Garza, Jr.
    Texas State Bar No. 07736010
    Law Office of Noe D. Garza, Jr.
    854 E. Van Buren Street
    Brownsville, Texas 78520
    Tel. (956)544-2911
    Fax (956)544-7530
    noe@noedgarzajrlaw.com
    Lead Counsel

    _/s/_ Dale Robertson
    Dale Robertson
    Texas State Bar No. 17079500
    PO BOX 622
    OLMITO TX 78575
    Telephone: (956) 572-0176
    mobile245@gmail.com

## CERTIFICATE OF CONSULTATION

The Government opposes this motion.

    _/s/_ Dale Robertson
    Dale Robertson

## CERTIFICATE OF SERVICE

The ECF system will e-mail a copy of this document when it is filed.

    _/s/_ Dale Robertson
    Dale Robertson